IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PAUL STEPHENS, | No. C 12-2810 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CHARLES PRANDI; MICHAEL SMITH; | |
| Defendants. / | |

Plaintiff, currently incarcerated at the Atascadero State Hospital, filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials of the Marin County Jail. He claims that in 1989 they removed his vertebrae and femurs, lost his testicles, and replaced them with the Sheriff's ovaries.

Plaintiff made the same claims in a prior complaint, *Stephens v. Prandi, et al.*, No. C 11-4887 WHA (PR). That complaint was dismissed because claims are based on factual contentions that are clearly impossible, baseless, fantastic or delusional, and as such had to be dismissed as frivolous under 28 U.S.C. 1915(e)(2). *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing Section 1915(e)); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Furthermore, even if some portion of the factual allegations could possibly be true, it was noted that the statute of limitations for plaintiff's claims – at most four years from discovery of the factual predicate of the claim – had run. *See* Cal. Civ. Proc. Code 335.1 (allowing two years), 352.1(a)

(allowing up to two years of tolling for incarceration).

The instant complaint is **DISMISSED** for the same reasons, and also because it duplicates the claims that plaintiff brought in his prior case. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (an in forma pauperis complaint repeating the same factual allegations asserted in an earlier case is subject to dismissal as duplicative); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (dismissing duplicative complaint).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  6 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\STEPHENS2810.DSM.wpd

2